

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ELLEN MARTEN, as Guardian and Conservator of Glen Marten,<br><br>Plaintiff,<br><br>v.<br><br>GENE HAIRE, STATE OF MONTANA, DOES 1-10,<br><br>Defendants. | Case No. 6:17-cv-00031-CCL<br><br>**HIPAA QUALIFIED PROTECTIVE ORDER** |

## QUALIFIED PROTECTIVE ORDER

Upon stipulation of the parties, Fed. R. Civ. P. 26(c), and 45 C.F.R. § 164.512(e)(1) of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the Court finds good cause for the issuance of a qualified protective order.

**IT IS ORDERED:**

1. This protective order shall apply to all protected health information that is disclosed during the course of the litigation of the above-captioned case, including electronic and video material, document productions, interrogatory answers, responses to requests for admission, deposition materials, and responses to subpoenas issued by the parties.

1

2. For the purposes of this qualified protective order, "protected health information" (PHI) shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. This order applies to any records furnished by the Montana Department of Public Health and Human Services (DPHHS) as a covered entity party in this matter, and any records produced by DPHHS or another "covered entity," as defined in 45 C.F.R. § 160.103, which has received a request or subpoena for protected health information.

3. All covered entities (as defined by 45 C.F.R. § 160.103) and non-covered entities are hereby authorized to disclose protected health information in response to discovery requests, subpoenas, or other compulsory process to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

4. During the course of this litigation, it may be necessary for the parties, their attorneys, or non-parties subject to a subpoena to disclose protected health

information. Disclosures of protected health information shall be in accordance with the provisions of this order.

5. All PHI shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to any party not authorized by this order.

6. PHI pursuant to this HIPAA qualified protective order may include information related to any aspect of clients' health care, including behavioral or mental health services, treatment for alcohol and drug abuse, sexually transmitted disease, and HIV.

7. PHI may be disclosed without further notice by any covered entity or healthcare provider to the person to whom the PHI relates, to a party or parties' attorney, to the parties themselves, experts, consultants, any witness or other persons retained or called by the parties, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

8. Prior to disclosing PHI to persons involved in this litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to

ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

9. All information produced in accordance with this order must be kept confidential and used only for purposes of this litigation.

10. In filing materials with the Court, counsel shall file only the redacted copies of the documents containing patient identifying information wherever possible and unless otherwise ordered by the Court.

11. Redacted documents may be used for all purposes in connection with this case, but only in connection with this case.

12. This protective order shall apply to all counsel to the litigation who are given access to documents and information produced by any source during the course of the litigation.

13. This protective order shall survive the termination of this case and shall continue in full force and effect thereafter. All redacted and unredacted documents shall be returned to the producing party or destroyed, at the option of the producing party, within thirty (30) days after a court order finally terminating the litigation: whether by settlement or judgment; after the expiration of all periods for appeals; or in the event an appeal is filed, a final judgment on appeal. All confidential information shall be erased from computer data banks, and any

4

written compilation or list of such documents shall be destroyed at the conclusion of this case.

Dated this 26th day of April, 2019.

_____
CHARLES C. LOVELL
Senior United States District Judge